IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

CLEOPHUS BELCHER,
ADC #91561                                                                                           PLAINTIFF

VS.                    CASE NO. 2:04CV00198 SWW/HLJ

JEREMY HOPKINS                                                                                    DEFENDANT

# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on defendant's motion for summary judgment (DE #107). Plaintiff has filed a response in opposition to the motion (DE #116), and defendant filed a reply (DE #119).

Plaintiff is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against several defendants, based on an incident which occurred in December 2003, when another inmate threatened plaintiff and his cell mate. By Order dated February 8, 2005 (DE #12), this Court granted plaintiff's motion to voluntarily dismiss all defendants except defendant Hopkins. Plaintiff asks for monetary and injunctive relief.

According to the mostly undisputed facts set forth by the complaint, defendant's motion and brief, and the plaintiff's two depositions, the incident occurred in EARU on December 30, 2003. Defendant Hopkins took plaintiff and his cell mate out of their cell for shower call, cuffed them, and

instructed them to stand in the hall way while he removed inmate Fout from the adjoining cell. Plaintiff stated in his complaint that defendant handed Fout two broken pieces of a crutch, and later explained in his deposition that it was a set of crutches. Fout then turned toward plaintiff and his cell mate, swinging a crutch in the air, yelling "come here you niggers". (In his deposition, plaintiff stated Fout said he was going to "Kill you Niggers" DE #108, Exs. B, C) At that point, plaintiff states he and his cell mate started running down the hallway away from Fout, through a gate which locked behind them, and into a shower stall. Plaintiff claims he was injured by receiving a cut on his thumb when he attempted to close the shower door behind him. Plaintiff admits inmate Fout never touched him, but claims Fout, who is white, was a vocal racist, and often argued with plaintiff's cell mate. Plaintiff and his cell mate are both African-American.

In his second deposition, dated January 17, 2008, plaintiff stated that Fout was placed in ad seg about a year before the December, 2003 incident, after he hit an African-American inmate in the head with a brick, and defendant should have known that he was still a danger. However, plaintiff also admitted he had no prior altercations or arguments with Fout, did not list Fout as an enemy on the enemy alert list, and felt like he was safe in his cell area. Plaintiff also maintains, however, that defendant violated ADC policies and procedures by attempting to conduct shower call by himself, without the aid of a second guard.

## II. Summary Judgment

A. Defendant's Motion

In support of his motion, defendant states he is immune from monetary and injunctive relief sought against him in his official capacity pursuant to the Eleventh Amendment. Defendant states he is immune from injunctive relief because he is no longer employed by the ADC, and therefore,

has no control over the relief sought against him. Defendant also states plaintiff fails to support an Eighth Amendment failure to protect claim against him because there is no evidence he was incarcerated in conditions which posed a substantial risk of harm, and no evidence that defendant disregarded an excessive risk to plaintiff's health or safety, citing Jensen v. Clarke, 94 F.3d 1191, 1197 (8th Cir. 1996). Defendant also notes plaintiff did not suffer a physical injury, which is a requirement for maintaining a civil rights action pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(e). Finally, defendant claims to be protected from liability by qualified immunity.

B. Plaintiff's Response

In his response, plaintiff states his version of the facts should be accepted, and summary judgment should not be granted where inferences from the facts may be drawn so that reasonable minds would differ.

C. Defendant's Reply

In his reply, defendant notes that plaintiff did not dispute the facts as set forth in his motion, brief, and statement of indisputable material facts, and therefore, summary judgment is appropriate.

D. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d

1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

E. Analysis

In order to support an Eighth Amendment claim for failure to protect against the defendants, plaintiff must prove, by a preponderance of the evidence, that defendants were "deliberately indifferent to the need to protect [him] from a substantial risk of serious harm from other inmates." Newman v. Holmes, 122 F.3d 650, 652 (8th Cir. 1997). This standard involves two components, an objective one asking whether there was a substantial risk of harm to the inmate, and a subjective one asking whether the prison official was deliberately indifferent to that risk. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). See also Curry v. Crist, 226 F.3d 974 (8th Cir. 2000), and Jenson, supra.

According to plaintiff's complaint and his two depositions, inmate Fout had a history of violence and was a known racist. However, plaintiff admitted he was never involved in a prior argument or physical confrontation with Fout, and had not been threatened by him. In addition, according to the facts as set forth, defendant was able to restrain Fout as plaintiff and his cell mate fled, and plaintiff stated they locked a gate door behind them when they reached the end of the hall way. Defendant states in an affidavit in support of his reply ( DE #108, Ex. A), that Fout's behavior was unexpected and a surprise to him because he was unaware of any problems between Fout and

plaintiff and his cell mate.

Therefore, based on the mostly undisputed facts as set forth, and accepting the plaintiff's version of the facts, the Court finds no evidence to support a finding that plaintiff's conditions of confinement posed a substantial risk of serious harm to him or that defendant was deliberately indifferent in disregarding a perceived risk of harm against plaintiff. Accordingly,

IT IS, THEREFORE, ORDERED that defendant's motion for summary judgment (DE #107) is hereby GRANTED and plaintiff's complaint against defendant is DISMISSED with prejudice.

IT IS SO ORDERED this 9th day of April, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge